**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1337-WJM-KLM

JOSHUA GALLEGOS,

      Plaintiff,

v.

SCOTT DAUGHENBACH (Individual & Official),
MAJOR MOORE (Individual & Official)
CAPTAIN HICKS (Individual & Official),
DEAN WILLIAMS (Official), and
OFFENDER SERVICES MOVE COMMITTEE (Defendants to be determined through discovery) (Official),

      Defendants.

---

**ORDER ADOPTING JANUARY 23, 2023 RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

---

This matter is before the Court on the January 23, 2023 Report and Recommendation of United States Magistrate Judge Kristen L. Mix (the "Recommendation") (ECF No. 76) that the Court deny Plaintiff Joshua Gallegos's Motion to Re-Open Case and Hearing ("Motion"). (ECF No. 64.)  The Recommendation is incorporated herein by reference.  *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b).

Plaintiff filed objections to the Recommendation ("Objection").  (ECF No. 78.) Defendants Scott Daughenbach, Major Moore, Captain Hicks, Dean Williams, and Offender Services Move Committee (collectively, "Defendants") filed a response to the Objection ("Response").  (ECF No. 79.)

For the reasons set forth below, Plaintiff's Objection is overruled, and the

Recommendation is adopted in its entirety.

## I. BACKGROUND[1]

Plaintiff, who is proceeding *pro se*, sued Defendants under 42 U.S.C. § 1983, alleging a violation of the Eighth Amendment in connection with unsafe living conditions at the Fremont Correctional Facility ("FCF") and Defendants' failure to protect him from an inmate who sexually assaulted him. Plaintiff sued Defendants in both their official and individual capacities seeking injunctive relief and money damages. (ECF No. 24.) Defendants filed a Motion to Dismiss (ECF No. 40), and Plaintiff did not file a response.

Judge Mix issued a Report and Recommendation on June 1, 2021, recommending that the Motion to Dismiss be granted and that the case be dismissed. (ECF No. 58) (the "2021 Recommendation".) Despite being advised of his right to file objections, Plaintiff did not file any. The undersigned adopted the 2021 Recommendation and dismissed the case. (ECF No. 60.)

As to the official capacity claims, the claims for money damages against Defendants Daughenbach, Hicks, and Moore were dismissed without prejudice under the Eleventh Amendment, and the claim for injunctive relief was dismissed without prejudice as moot. (*Id.* at 2.) The Eighth Amendment claims were dismissed with prejudice because Plaintiff's allegations demonstrated that prison officials reasonably responded to threats to Plaintiff's safety when he was placed in protective custody and transferred out of FCF, entitling Defendants to qualified immunity. (*Id.*)

On December 8, 2021, Plaintiff filed a Motion for Hearing on the Merits (ECF No.

---

[1] The Background is taken from the Introduction section of the Recommendation. (ECF No. 76 at 1–3.)

62) ("Motion for Hearing"), which was denied as moot by the undersigned because Final Judgment had been entered and the case had been closed.  (ECF No. 63.). The Motion for Hearing also sought to reopen the case and relied on the same issues addressed by Plaintiff in his current Motion. The instant Motion, however, attaches an Affidavit and other materials that provide further support for Plaintiff's request to reopen the case. (ECF No. 64.)

## II. THE RECOMMENDATION

In the Recommendation, Judge Mix explains the basis for the Motion.  Plaintiff asserts that he was paroled in February 2021, and did not receive the 2021 Recommendation (ECF No. 58) or Order (ECF No. 60) until December 2021.  (ECF No. 76 at 3.)  He states that that he suffered "an atypical hardship" after being paroled and submits an Affidavit (ECF No. 64-1) in support.  Without explaining the basis for his assertion, Plaintiff asserts that the parole was possibly an attempt by Defendants to "frustrate, and shipwreck his non-frivolous legal claim."  (*Id.* at 1-2.)  Finally, Plaintiff states that he has "an extreme liberty interest in regards to having the case re-opened."

In the Affidavit, Plaintiff states that when he was released on parole, he was not provided the box containing his legal documents.  He reiterates that he did not receive the Order dismissing the case until December 2021.  During his parole, Plaintiff explains that he was chronically homeless, had PTSD, and his mental status rapidly deteriorated until he was committed to the hospital for trying to kill himself.  He states that he could not do legal research because the public libraries were closed due to COVID-19.  Further, he states that he was arrested and convicted of a misdemeanor for missing an appointment to register as a sex-offender.  Among other things, he states that he is now

settled in his permanent facility, where he received the Order dismissing the case.

In making her instant Recommendation, Judge Mix first concluded that the grounds articulated by Plaintiff for reopening the case do not provide a basis for relief. Because Plaintiff filed the Motion more than 10 days after judgment, she construed it as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 76 at 4 (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991); *see also Dickey v. Hagman*, 2013 WL 646660, *1 (D. Colo. Feb. 21, 2013) (liberally construing a *pro se* inmate's motion to re-open the case as a Rule 60(b) motion)).) She explained that Plaintiff failed to articulate any grounds for relief under Rule 60(a) or (b)(1)–(5), such as clerical mistakes or oversights, mistake, inadvertence, surprise, or fraud. (*Id.*)

Next, she concluded that to the extent the Motion could be interpreted as asserting excusable neglect under Rule 60(b)(1), it was not a basis to grant relief. (*Id.*) She pointed out that Plaintiff is the sole cause of not receiving the Court's Order until December 2021 because he was required to but did not update his address with the Court no later than five days after the change. (*Id.* (citing D.C.COLO.LCivR 5.1(c)).)

Judge Mix turned to Rule 60(b)(6), which authorizes relief from a judgment "for any other reason that justifies relief." (*Id.* at 5.) However, she noted that such relief is only justified in exceptional circumstances and only when necessary to accomplish justice. (*Id.* at 5–6.) In this case, she found such relief was not justified, as Plaintiff by now had time to do the required legal research, did not allege any facially obvious errors of law or fact in the 2021 Recommendation or Order (ECF Nos. 58, 60), and did not contest that he timely received Defendants' motion to dismiss or that he did not respond

to it.  (*Id.* at 6.)  Although Plaintiff said he was mentally unable to respond to the motion

to dismiss, he did not seek relief from the Court to address his issues.  (*Id.*)

Importantly, Judge Mix opined that reopening the case and accepting Plaintiff's

proposed Second Amended Complaint (ECF No. 65) would not cure the deficiencies

noted in the Recommendation and Order, and would thus be futile.  (*Id.*)

Finally, she observed that a Rule 60(b) motion cannot substitute for a timely

appeal of an order, and Plaintiff failed to timely appeal the 2021 Recommendation or

Final Judgment (ECF Nos. 58, 61).  As such, she recommended that the undersigned

deny Plaintiff's Motion.  (ECF No. 76 at 7.)

### III. STANDARD OF REVIEW

When a magistrate judge issues a recommendation on a dispositive matter,

Federal Rule of Civil Procedure 72(b)(3) requires that the district judge "determine *de

novo* any part of the magistrate judge's [recommendation] that has been properly

objected to."  In the absence of a timely and specific objection, "the district court may

review a magistrate . . . [judge's] report under any standard it deems appropriate."

*Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citing *Thomas v. Arn*, 474 U.S.

140, 150 (1985)); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no

timely objection is filed, the court need only satisfy itself that there is no clear error on

the face of the record.").

An objection to a recommendation is properly made if it is both timely and

specific*.  United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73

F.3d 1057, 1059 (10th Cir. 1996).  An objection is sufficiently specific if it "enables the

district judge to focus attention on those issues—factual and legal—that are at the heart

of the parties' dispute." *Id*. (quoting *Thomas*, 474 U.S. at 47).  In conducting its review, "[t]he district court judge may accept, reject, or modify the recommendation; receive further evidence; or return the matter to the magistrate judge with instructions."  *Id*.

Because Plaintiff is proceeding *pro se*, the Court must liberally construe his pleadings.  *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007).  The Court, however, cannot act as an advocate for Plaintiff, who must still comply with the fundamental requirements of the Federal Rules of Civil Procedure.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## IV. ANALYSIS

Plaintiff objects to the Recommendation on several grounds, which the Court discusses below.

First, Plaintiff objects to the assertion that he failed to show excusable neglect and argues that exceptional circumstances, such as COVID-19, chronic homelessness, and the rapid decline of his mental health led to the "impossibility" of a response—to what Plaintiff does not state.  (ECF No. 78 at 2.)  He again accuses Defendants of attempting to "capsise [*sic*] and shipwreck" his case.  (*Id.* at 3.)  These are arguments that were raised in the Motion and addressed in the Recommendation.  The Court agrees with Judge Mix's observation that while the circumstances Plaintiff describes are unfortunate, they do not excuse his failure to update his address with the Court and litigate this case.  (ECF No. 76 at 5.)  More importantly, such circumstances do not change the substance of the lawsuit, which the Court found legally insufficient to state a claim for relief.  Accordingly, the Court overrules this portion of the Objection.

Next, to the extent Plaintiff argues that discovery would have revealed a pattern of disregard for his safety and would have undermined qualified immunity (ECF No. 78 at 3–4), the Court concludes that his arguments amount to no more than speculation and are without merit.  This portion of the Objection is overruled.

Plaintiff also objects to the denial of the reopening of this case because "the 22-cv-1942-GPG was an attempt to meerly [*sic*] preserve the Plaintiffs [*sic*] civil rights violations[.]"  (*Id.* at 5.)  This is not a specific objection to the Recommendation at issue and is therefore without merit.

Because Plaintiff's Objection fails to provide any new facts or legal arguments which would suggest that the Recommendation contains a mistake of fact or law, the Court overrules the Objection.  Based on the Court's *de novo* review of the Recommendation, the Court finds that Judge Mix's analysis was thorough and correct and adopts the Recommendation in full.

## V. CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1.    Plaintiff's Objection (ECF No. 78) is OVERRULED;

2.    The Report and Recommendation (ECF No. 76) is ADOPTED in its entirety;

3.    Plaintiff's Motion to Re-Open Case and Hearing (ECF No. 64) is DENIED; and

4.    This case remains closed.

Dated this 21st day of March, 2023.

BY THE COURT:

_____
William J. Martínez

Senior United States District Judge